UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY PACIFICO,

      Plaintiff,               Civil Action No. 15-11841
                                   Honorable Matthew F. Leitman
v.                              Magistrate Judge Elizabeth A. Stafford

NATIONSTAR MORTGAGE, LLC,
*et al.*

      Defendants.
_____/

**REPORT AND RECOMMENDATION TO
GRANT IN PART AND DENY IN PART DEFENDANTS'
<u>MOTION TO DISMISS [ECF No. 11]</u>**

**I.    INTRODUCTION**

      Plaintiff Kelly Pacifico filed this action in state court against Nationstar

Mortgage LLC (Nationstar) and The Bank of New York Mellon, as trustee

for Structured Asset Securities Corporation Mortgage Pass-Through

Certificates, Series 2003-40A (NY Mellon) (collectively, "defendants"),

alleging wrongful foreclosure, breach of contract, fraudulent

misrepresentation by servicer, RESPA violations, and negligence.

Defendants removed the action to this Court.  [ECF No. 1].  Before the

Court is defendants' motion to dismiss. [ECF No. 11].[1] The Court

**RECOMMENDS** that defendants' motion to dismiss be **GRANTED IN PART AND DENIED IN PART**.

## II.   BACKGROUND

This action involves residential property located at 5210 Glenwood Creek, Clarkston, Michigan 48348. [ECF No. 1-2, PgID 14; ECF No. 11-2, PageID 101]. On July 31, 2003, Pacifico obtained a mortgage loan for $240,000.00 from non-party Westminster Mortgage Corporation to purchase the property. [ECF No. 11-2, PageID 101]. The loan was secured by a mortgage interest in the property. [*Id.*]. The mortgage was then assigned to NY Mellon. [ECF No. 1-2, PageID 14]. The servicing rights to the mortgage were transferred to Nationstar. [*Id.*]. Pacifico defaulted on her loan obligations and on April 28, 2015, a sheriff's sale was scheduled to occur, but was postponed due to the filing of her lawsuit a week before the sale was to occur. [ECF No. 1-2, PageID 12; ECF No. 11-4, PgID 127; ECF No. 12-1, PageID 245].

Pacifico claims in her complaint that, prior to the foreclosure notice, Nationstar had deemed her eligible for its Home Affordable Unemployment

---

[1] The Honorable Matthew F. Leitman referred the motion for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 14].

Program (HAMP) and that a representative told her to sign a new

agreement and forward it back immediately.  [ECF No. 1-2, PageID 15].

But she received the new agreement almost 30 days after her first payment

under the new agreement was to be due.  [*Id.*].  Pacifico called Nationstar's

representative, but the representative was unhelpful and Pacifico hung up.

[*Id.*].  Despite her representative's efforts over the next several months,

Nationstar refused to allow her to perform under the new agreement.  [*Id.*,

PageID 15-16].  Ultimately, Nationstar sent a letter stating, with

explanation, that her request for participation in the HAMP program was

declined.  [*Id.,* PageID 16-17].  As a timeline, Pacifico states that Nationstar

received her complete loan modification package on or about January

2014, but that she did not receive written notice from Nationstar that it

denied her application until August 2014.  [*Id.*, PageID 16, 19].  She states

that she submitted multiple completed loss mitigation packages throughout

2014 and 2015, until Nationstar noticed her home for the foreclosure sale in

April 2015.  [*Id.*, PageID 20].

## III.   ANALYSIS

A motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6) tests a complaint's legal sufficiency. Although the federal rules

only require that a complaint contain a "short and plain statement of the

3

claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a)(2), the statement of the claim must be plausible.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.  In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As a preliminary matter, defendants point out that Pacifico has not asserted any claims against NY Mellon; her only reference to NY Mellon in the complaint is that it is the current holder and owner of the mortgage. [ECF No. 1-2, PageID 14].  Pacifico does not address this deficiency, so

she has abandoned any claim against NY Mellon and it should be dismissed as a defendant. *Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned.").

## Count I – Real Estate Settlement Procedures (RESPA) Violations

Defendants' motion to dismiss with respect to Count I of Pacifico's complaint should be granted in part and denied in part. In Count I, Pacifico alleges that Nationstar failed to properly evaluate her loan modification and mitigation requests as required by 12 C.F.R. §§ 1024.38 and 1024.41, and that those violations are actionable under Section 6(f) of RESPA, 12 U.S.C. § 2605(f).  For these alleged violations, Pacifico requests relief in the form of restraining the Sheriff's sale, ordering Nationstar to conduct a proper evaluation of her loan modification request, and awarding damages under RESPA.  [ECF No. 1-2, PageID 17-21].

Pacifico's reliance on Section 1024.38, which sets forth "[r]easonable policies and procedures" for servicers, is without merit because violations of that section "cannot support a private action."  *Smith v. Nationstar Mortg.*, No. 15-13019, 2015 WL 7180473, at *4 (E.D. Mich. Nov. 16, 2015). *See also Austerberry v. Wells Fargo Home Mortg.*, No. 15-CV-13297, 2015

5

WL 8031857, at *5 (E.D. Mich. Dec. 7, 2015) ("[T]he Court concludes that while Plaintiff is protected by § 1024.38(b)(2), she lacks a private right of action to enforce the rule provision against Defendant.").

The same is not true for Section § 1024.41, "which does provide for a private cause of action." *Austerberry,* 2015 WL 8031857 at *5. Pacifico specifically alleges Nationstar violated subsections (c), (d), (f)(2), and (g). Subsection (c) provides in relevant part:

> If a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale, then, within 30 days of receiving a borrower's complete loss mitigation application, a servicer shall: (i) evaluate the borrower for all loss mitigation options available to the borrower; and (ii) provide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage. . . .

§ 1024.41(c). "Subsection (d) requires the servicer to provide specific reasons for the servicer's determination in the notice of the denial of loan modification options to the borrower, as well as whether the borrower was not evaluated on other criteria." *Austerberry,* 2015 WL 8031857, at *5. Under Sections 1024.41(f)(2) and (g), a servicer may not make a first notice or filing of foreclosure, or move for foreclosure judgment, if it has not properly processed a completed loss mitigation application.

According to Pacifico's complaint, Nationstar violated these provisions. In their motion to dismiss, defendants note that, while Section

6

1024.41(a) permits enforcement of its provisions through 6(f) of RESPA, it does not impose "a duty on a servicer to provide any borrower with any specific loss mitigation option" or "a right for a borrower to enforce the terms of any agreement between a servicer and the owner or assignee of a mortgage loan." Section 1024.41(a). But Pacifico's argument is that Nationstar failed to timely respond to her request for a mitigation loss option, did not explain the reasons for its denial and then proceeded to a foreclosure sale, and these claims are cognizable under the described provisions of Section 1024.41.

Nationstar correctly argues that RESPA permits as relief only actual damages and statutory damages for "a pattern or practice of noncompliance." § 2605(f). "There is no provision found in RESPA under which Plaintiff can seek to have foreclosure proceedings nullified, or force Defendants to negotiate a loan modification." *Caggins v. Bank of New York Mellon*, No. 15-11124, 2015 WL 4041350, at *2 (E.D. Mich. July 1, 2015). And in order to survive Nationstar's motion to dismiss, Pacifico was required to allege "facts which would establish actual damages or a pattern or practice of non-compliance." *Id. See also Servantes v. Caliber Home Loans, Inc.*, No. 14-CV-13324, 2014 WL 6986414, at *1 (E.D. Mich. Dec. 10, 2014) ("To the extent Plaintiffs may wish to proceed with a RESPA

7

claim for monetary damages only, the Court dismisses the claim because Plaintiffs have not alleged that Defendant's alleged violations . . . resulted in actual damages.").

Here, Pacifico requests "all damages to which she is entitled under RESPA, including emotional damages, elimination of all arrearage added to [her] mortgage loan that resulted from [Nationstar's] illegal activity, and costs and attorney fees." [ECF No. 1-2, PageID 21]. Pacifico failed to allege her claim for emotional damages with sufficient particularity. *Austerberry*, 2015 WL 8031857, at *7. However, Pacifico's request for "elimination of all arrearage added to [her] mortgage loan that resulted from [Nationstar's] illegal activity, and costs and attorney fees" are a "valid claim for actual damages under RESPA." *Id.* On this ground, Pacifico's claim on should survive defendants' motion to dismiss.[2]

### Count II – Negligence

In Count II, Pacifico alleges that Nationstar "had a duty to exercise

---

[2] In her response, Pacifico added a request for monetary damages for "equity in the home, along with the down payment and improvements made to the home, [and] the fair market value of the home." [ECF No. 12, PageID 223]. But that demand was not made in her complaint, and she may not amend her complaint through a responsive brief. *Jocham v. Tuscola County*, 239 F.Supp.2d 714, 732 (E.D. Mich. 2003). Regardless, she would not be entitled to that relief. *Dent v. Inv. Corp. of Am.*, No. 15-CV-11268, 2015 WL 9694807, at *4 (E.D. Mich. Dec. 23, 2015).

reasonable care in performing the evaluation of Plaintiff for a loan modification," "acted negligently in their dealing with [Pacifico's] request for a loan modification," and that she "suffered damages by [Nationstar's] breach of its duty." [ECF No. 1-2, PageID 21-22]. Pacifico relies on Home Affordable Mortgage Program (HAMP) guidelines to argue that Nationstar had a duty to evaluate her for a loan modification. [ECF No. 12, PageID 240].

Under Michigan law, a tort claim cannot rest on a contractual obligation; there must be an independent duty of care outside of the contract. *Lelito v. Monroe*, 729 N.W.2d 564, 566 (Mich. Ct. App. 2006). As applied here, a plaintiff cannot use HAMP or RESPA to satisfy the duty requirement under a negligence claim. *Ray v. U.S. Bank Nat. Ass'n*, 627 F. App'x 452, 457 (6th Cir. 2015); *Szczodrowski v. Specialized Loan Servicing, LLC*, No. 15-10668, 2015 WL 1966887, at *5 (E.D. Mich. May 1, 2015); *Smith v. Nationstar Mortg.*, No. 15-13019, 2015 WL 7180473, at *5 (E.D. Mich. Nov. 16, 2015). Because Pacifico does not demonstrate that Nationstar owed her an independent duty of care, Count II should be dismissed.

## Count III – Wrongful Foreclosure

In Count III, Pacifico alleges that Nationstar violated "the requirements of the foreclosure process as set forth in MCL 600.3201 *et seq*. Specifically, by failing to properly calculate the amount claimed due on the date of the notice of foreclosure; failing to post notice of the foreclosure on the property; and failing publish notice of the foreclosure for four consecutive weeks in the newspaper." [ECF No. 1-2, PgID 23]. Defendants' moved to dismiss this count as being not ripe and insufficiently pleaded, [ECF No. 11, PageID 89-90], and Pacifico did not respond. She has therefore abandoned this claim. *Bazinski*, 2014 WL 1405253, at *2. Besides, defendants are right that Pacifico's naked assertions in Count III are insufficient to survive dismissal. *Nadratowski v. Mortg. Elec. Registration Sys.*, No. 14-14010, 2015 WL 519242, at *2 (E.D. Mich. Feb. 9, 2015) (dismissing § 600.3201 *et seq.* claims because of similar naked assertions). Pacifico's wrongful foreclosure claim should be dismissed.

## Count IV – Breach of Contract

In Count IV, Pacifico alleges that the mortgage agreement constitutes a contract, and that Nationstar breached the implied covenant of good faith and fair dealings imposed by the contract. [ECF No. 1-2, PageID 24]. This claim fails.

"Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing," *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 35 (2006). Pacifico relies on *Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826-27 (6th Cir. 2003), to argue that there is an exception to this rule "where one party to the contract makes its performance a matter of its own discretion." [ECF No. 12, PageID 240]. But this argument has been rejected in this district because "defendants' discretion to modify the plaintiffs' loan does not arise from the parties' agreement, rather defendants' discretion to modify plaintiffs' loan is pursuant to the Home Affordable Modification Program (HAMP)." *Baumgartner v. Wells Fargo Bank*, *N.A.*, No. 11–14065, 2012 WL 2223154, at *7 (E.D.Mich. June 15, 2012). *See also Clark v. Fifth Third Mortg.*, No. 15-11169, 2016 WL 393890, at *6 (E.D. Mich. Jan. 29, 2016) ("[C]ourts in this district have consistently found that loan modifications do not fall within this exception."). Thus, Pacifico's breach of contract claim is not cognizable.

## Count V – Fraud

In Count V, Pacifico alleges fraudulent misrepresentation, claiming that Nationstar made false statements of fact that were intended to induce her "to refrain from defending the foreclosure," specifically that foreclosure

11

proceedings would not begin "while the parties were actively pursuing loan modification or other financial assistance options."  [ECF No. 1-2, PageID 25].  This claim is without merit for two reasons.

First, where a complaint alleges fraud or mistake, the heightened pleading requirement of Federal Rule of Civil Procedure 9(b) applies and requires that the plaintiff "state with particularity the circumstances constituting fraud or mistake."  *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003).  To satisfy this particularity requirement, the Sixth Circuit requires that the complaint: (1) specify the time, place, and content of the statements that plaintiff contends were fraudulent; (2) identify the speaker; (3) explain why the statements were fraudulent; (4) allege the fraudulent scheme and intent of the defendants; and (5) allege the injury resulting from the fraud.  *See Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008); *Yuhasz*, 341 F.3d at 563. Pacifico has failed to meet two heightened pleading requirements because, at a minimum, she does not state specifically who other than "Nationstar Mortgage" made these statements, or when or where they occurred.

Second, Pacifico's fraud claim fails because "promises from a financial institution regarding loan modifications must be in writing to be enforceable under the statute of frauds."  *Caggins*, 2015 WL 4041350, at

12

*3. "M.C.L. 66.132(2)(b) provides that no cause of action can be brought against a financial institution for a promise of financial accommodation unless the promise is in writing and signed by an authorized signature." *Id.*, *See also Austerberry*, 2015 WL 8031857 at *10 (even if defendant's representative told plaintiff that her application was complete, that she qualified for a modification, or that defendant would delay foreclosure, "these statements would qualify as 'financial accommodation' that requires signed written authorization."). Pacifico's fraud claim should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** defendants' motion to dismiss [ECF No. 11]. If this recommendation is adopted, only Pacifico's claim under RESPA for elimination of all arrearage added to her mortgage loan, costs and attorney's fees will remain.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 10, 2017


## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page

limitation.

14

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 10, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager